UNITED STATES DISTRICT COURT

DISTRICT OF MINNESOTA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br><br>JAMMIE ALTENHOFEN,<br><br>Defendant. | Criminal No. 04-408 (JRT/FLN)<br><br><br><br>**ORDER GRANTING IN PART AND DENYING IN PART MOTION FOR RETURN OF PROPERTY** |

Chris S. Wilton, Assistant United States Attorney, **OFFICE OF THE UNITED STATES ATTORNEY**, 600 United States Courthouse, 300 South Fourth Street, Minneapolis, MN 55415, for plaintiff.

Jammie Altenhofen, #07937-041, FPC Florence, P.O. Box 6500, Florence, CO 81226, *pro se* defendant.

This matter is before the Court on defendant Jammie Altenhofen's motion for return of property. Altenhofen pled guilty to one count of possession with intent to distribute methamphetamine in violation of 18 U.S.C. § 841 and was sentenced to a term of imprisonment of 70 months. Altenhofen now seeks the return of all personal property that was taken at the time of his arrest by officers with the Anoka County Sheriff's Department. For the reasons discussed below, the Court grants Altenhofen's motion in part and denies it in part.

Rule 41(g) of the Federal Rules of Criminal Procedure provides that "[a] person aggrieved by . . . the deprivation of property may move for the property's return." The

Court "must receive evidence on any factual issue necessary to decide the motion." Fed. R. Crim. P. 41(g).  A district court need not hold a hearing on a Rule 41(g) motion if there is no dispute "regarding who has custody or is entitled to possession of the subject property."  *United States v. Timley*, 443 F.3d 615, 625 (8th Cir. 2006).  A defendant must identify with specificity the claimed items of property.  *See United States v. Dean*, 100 F.3d 19, 21 (5th Cir. 1996) (stating that "[g]eneral or conclusory assertions will not suffice").

Altenhofen's motion seeks the return of approximately $400 cash, a cell phone, a buck knife, and "all other property that was taken unknown to him." (Def.'s Motion at 2.)  The United States initially responded that it had conferred with the Anoka County Sheriff's Department, which indicated that it was in possession of a wallet and pocketknife taken from Altenhofen's person at the time of his arrest.  Pursuant to the Court's request, the United States filed a supplemental response on June 25, 2007.  The supplemental response includes an Anoka County Evidence Receipt documenting the county's receipt and custody of a Samsung phone, a "Buck USA" silver folding knife, a black bi-fold wallet, and $342.00 cash.  The response also includes a "Notice of Seizure and Intent to Forfeit Property" dated September 14, 2004, which indicates that the $342.00 was forfeited pursuant to the terms of the Notice.

Based on its review of these documents, the Court finds that there is no dispute as to the possession or custody of the items identified in Altenhofen's Rule 41(g) motion.  The United States does not dispute that Anoka County has custody of the cell phone, buck knife, and wallet, and has indicated that it will promptly return these items to

Altenhofen's named representative.  The notice of seizure indicates that the $342.00 claimed by Altenhofen was seized and forfeited pursuant to the terms of the notice.[1]  The Court therefore grants in part and denies in part Altenhofen's Rule 41(g) motion.

**ORDER**

Based on the foregoing, all the records, files, and proceedings herein, **IT IS HEREBY ORDERED** that Altenhofen's Motion for Return of Property Pursuant to Rule 41(g) [Docket No. 18] is **GRANTED in part** and **DENIED in part**, as follows:

1.  The Motion is **GRANTED** with respect to the cell phone, buck knife, and wallet.  The prosecution is **DIRECTED** to return these property items within 14 days of the date of this Order to a representative designated by Altenhofen.

2.  The Motion is **DENIED** with respect to the $342.00.

The Clerk of Court is respectfully **DIRECTED** to mail a copy of this Order to defendant.

DATED:   July 10, 2007                             s/ John R. Tunheim
at Minneapolis, Minnesota.                         JOHN R. TUNHEIM
                                                   United States District Judge

---

[1] The Notice of Seizure and Intent to Forfeit Property provides notice pursuant to Minnesota Statute § 609.5314 to potential claimants of property seized in connection with a controlled substance seizure.  Under § 609.5314, subd. 1(a), there is a presumption that property, including money, found in proximity to controlled substances is subject to administrative forfeiture.  Under § 609.5314, subd. 3(a), a claimant may file a demand for judicial determination of the forfeiture within 60 days of the notice of seizure.  The prosecution argues, and the record suggests, that Altenhofen never filed a demand for judicial determination of the forfeiture.